# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL BALLESTEROS, | Case No. 1:15-cv-01689 DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| C. CRUZ, et al., | |
| Defendants. | |

Plaintiff Saul Ballesteros ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 6, 2015. He names the Fresno County Jail Medical Staff, Fresno County Jail LVN C. Cruz, Fresno County Sheriff's Department Correctional Officers Chang, D. Ventuma and F. Ponce as Defendants.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 3, 2015.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at Wasco State Prison. The events occurred while he was incarcerated at the Fresno County Jail.

Plaintiff alleges that he told Defendants Chang, Ventuma, Ponce and Cruz, through grievances and "verbal acknowledgements," of his health issues. Plaintiff explained his symptoms and argued with them in his appeals. Plaintiff told them that he suffers from dizziness, lack of appetite, muscle spasms, weakness and internal burning that causes him to defecate on himself at

2

1 any given time.  Plaintiff explained all this, as well as his issue with blood in his stool, but
2 Defendants ignored him and referred him to mental health.  Defendants also belittled him with
3 unethical comments regarding sex and his lifestyle.

4       Plaintiff contends that he is now at Wasco State Prison and is still receiving inadequate
5 medical treatment.  He states that his medical issues were never properly addressed after he left
6 the Fresno County Jail.  He is now taking antibiotics for his intestinal problems, but it causes more
7 trauma and stress because he worries about defecating on himself.  Plaintiff believes that if he was
8 sent to a specialist at the Fresno County Jail, he would not be having these issues.

9       Based on these facts, Plaintiff alleges a violation of the Eighth Amendment and
10 negligence.

11 **C.**     **DISCUSSION**

12     1.     Medical Staff

13       Plaintiff cannot name the "Fresno County Jail Medical Staff" as a collective Defendant.
14 As explained above, Plaintiff must link each *individual* Defendant to an alleged violation.  Iqbal,
15 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010);
16 Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

17     2.     Medical Care

18       It is unclear whether Plaintiff was a pretrial detainee or a convicted inmate while he was
19 housed at the Fresno County Jail.  However, although pretrial detainees rights are protected under
20 the Due Process Clause of the Fourteenth Amendment, the standard is the same as the standard
21 applied to convicted prisoners under the Eighth Amendment.  Simmons v. Navajo County, Ariz.,
22 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232,
23 1242-1244 (9th Cir. 2010 ); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

24       While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical
25 care, the Eighth Amendment is violated only when a prison official acts with deliberate
26 indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir.
27 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir.
28 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091,

1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's allegations are somewhat sparse.  He contends that he told Defendants Chang, Ventuma, Ponce and Cruz about his medical issues, but they ignored him and referred him to mental health instead.  Plaintiff does not elaborate further on the facts behind each Defendant's involvement.  Conclusory allegations are insufficient to support a plausible claim for relief.  Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969

According to Plaintiff's exhibits, it appears that Defendants Ponce, Cruz, Ventuma and Chang were involved in reviewing Plaintiff's appeals.  Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.  Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014).  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  That circumstance has not been presented here.

Defendant Ponce accepted Plaintiff's May 30, 2015, grievance disputing a nurse's referral to mental health despite his physical complaints.  ECF No. 1, at 10.  He also accepted his June 26, 2015, grievance related to the same nurse, indicating that she asked what "kind of weird sex" he was having.  ECF No. 1, at 17.  Defendant Ventuma accepted Plaintiff's July 5, 2015, grievance related to attaching additional documents to a prior appeal.  ECF No. 1, at 25.  Defendant Chang

///

4

accepted Plaintiff's July 17, 2015, grievance in which Plaintiff stated that he was still not being treated and that his medical problem was getting worse. ECF No. 1, at 29.

Therefore, according to Plaintiff's exhibits, Defendants Ponce, Ventuma and Chang simply accepted Plaintiff's health care appeals. They did not make any decisions related to his medical treatment, and Plaintiff cannot state a deliberate indifference claim against them.

Defendant Cruz appears to have responded to these grievances. Defendant Cruz denied Plaintiff's May 30, 2015, grievance, finding that the nurse completed a mental health referral due to Plaintiff's behavior during the sick call. ECF No. 1, at 11. Defendant Cruz responded to Plaintiff's July 5, 2015, appeal by explaining that the grievance was difficult to understand, and noting that Plaintiff was treated by the clinician on June 10, 2015. ECF No. 1, at 26. Defendant Cruz also responded to Plaintiff's July 17, 2015, appeal, finding that Plaintiff's statements that he had not been seen by a doctor were not true, as he was seen and treated for multiple health complaints on June 10, 2015. ECF No. 1, at 32.

Although Defendant Cruz responded to Plaintiff's appeals, Plaintiff cannot state a claim based simply on his disagreement with the response. Further, Plaintiff has not stated a viable claim against any individual that actually provided medical care. Absent the presentation of facts sufficient to show that a violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of medical care.

Plaintiff also alleges that his medical problems were ignored, but his own grievances indicate that he was seen and treated on June 10, 2015, and July 22, 2015. ECF No. 1, at 33. Plaintiff complained that he did not receive antibiotics on June 10, 2015, and that when he did receive antibiotics on July 22, 2015, his muscle spasms and intestinal problems were not addressed. ECF No. 1, at 33.

Plaintiff appears to simply disagree with his treatment, which is insufficient to state a claim for deliberate indifference. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v.

Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).  Plaintiff fails to make such a showing.

For these reasons, Plaintiff fails to state a claim against Defendants for deliberate indifference to a serious medical need.

3.      Negligence

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'"  Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

Plaintiff has not alleged facts to show that any Defendant breached a duty, or that the breach proximately caused any injuries.

Moreover, Plaintiff is required to plead compliance with the Government Claims Act ("Act"), which requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added).  Timely claim presentation is not merely a procedural requirement of the Act, but is an element of a plaintiff's cause of action.  Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209

(2007). Thus, when a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. Id.

Plaintiff therefore fails to state a negligence claim under state law. While he may amend, he is notified that if he does not state a federal claim, the Court will not exercise jurisdiction over a state law claim even if it states a claim for relief.

**D.    CONCLUSION AND ORDER**

Plaintiff fails to state any cognizable claims against any Defendants.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, **in good faith**, that he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, or file a notice of voluntary dismissal; and

7

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:  **February 26, 2016**            /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE