# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL BALLESTEROS, | Case No. 1:15-cv-01689 DLB |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| C. CRUZ, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Saul Ballesteros ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 6, 2015. Pursuant to Court order, he filed a First Amended Complaint on March 21, 2016. Plaintiff names Fresno County Jail LVN C. Cruz and the Fresno County Jail as Defendants.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 3, 2015.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    ALLEGATIONS IN COMPLAINT**[2]

Plaintiff is currently incarcerated at Wasco State Prison. The events occurred while he was a pretrial detainee held at the Fresno County Jail.

Plaintiff contends that he filed grievances, and asked and begged for assistance. However, Defendant Cruz asked, "what kinda weird sex" Plaintiff was having, and told him that he needed to change his lifestyle. ECF No. 7, at 3. Plaintiff told Defendant Cruz that he had muscle spasms,

---

[2] Plaintiff cites exhibits, though there are no documents attached to his First Amended Complaint.

blood in his stool, dizziness, lack of appetite and a burning sensation in his intestine. He also told her that at any given moment, he could defecate on himself.

When Plaintiff transferred to Wasco State Prison, a doctor who performed Plaintiff's physical changed the course of treatment given at the Fresno County Jail. He also questioned why Plaintiff was not "looked after more closely," stating that he should have seen a doctor at the Fresno County Jail and had an x-ray. ECF No. 7, at 4. The doctor told Plaintiff that if his intestinal problems persisted, he may need surgery.

Plaintiff further contends that the Fresno County Jail allowed Defendant Cruz to provide poor and insufficient care.

Based on these allegations, Plaintiff contends that Defendants were negligent and gave insufficient treatment because they did not allow him to see a doctor or go to the hospital. He requests monetary damages, and asks that the Fresno County Jail (1) change their procedures for handling medical treatment; and (2) reprimand Defendant Cruz.

**C.    DISCUSSION**

1.    Fresno County Jail

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003*);* Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's

deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Here, Plaintiff names the Fresno County Jail as Defendant Cruz's employer, alleging that it "allowed" Defendant Cruz to provide poor and insufficient medical care. ECF No. 7, at 4. As explained above, the Fresno County Jail cannot be held liable for Defendant Cruz's actions under a theory of *respondeat superior*. Although Plaintiff asks that the Fresno County Jail change its procedures in his request for relief, he sets forth no facts to suggest that a policy, custom or practice was the cause of the alleged violation, or that any omission led to Defendant Cruz's alleged acts.

Plaintiff therefore fails to state a claim against the Fresno County Jail.

2. Medical Care

Although pretrial detainees rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard is the same as the standard applied to convicted prisoners under the Eighth Amendment. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242-1244 (9th Cir. 2010 ); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

///

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff alleges that he informed Defendant Cruz of his medical issues, but rather than offer treatment, Defendant Cruz commented on his personal life. Plaintiff suggests that Defendant Cruz ignored his problems and/or mistreated him. However, "unethical," "insufficient," "poor" or "negligent" care, ECF No. 7, at 3-5, *without additional facts*, does not rise to the level of an Eighth Amendment violation. An Eighth Amendment claim may not be premised on even gross negligence. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

While Plaintiff alleges that Defendant Cruz ignored him, his allegations show that he received *some* course of treatment at the Fresno County Jail. He does not sufficiently explain Defendant Cruz's role in the treatment he did, or did not, receive. Plaintiff states that he was not allowed to see a doctor or go to the hospital, but he does not link Defendant Cruz to any of these decisions.

As the Court explained previously, Plaintiff appears to simply disagree with his treatment, which is insufficient to state a claim for deliberate indifference. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Plaintiff fails to make such a showing.

///

<sub>Case 1:15-cv-01689-SAB   Document 8   Filed 06/08/16   Page 6 of 8</sub>

Finally, insofar as Plaintiff relies on the fact that his care at the Fresno County Jail was questioned by a doctor at Wasco State Prison, this does not mean that Defendant Cruz acted with the requisite state of mind in providing care to Plaintiff.

For these reasons, Plaintiff fails to state a claim against Defendant Cruz for deliberate indifference to a serious medical need. The Court explained the deficiencies in the prior screening order, but Plaintiff has not corrected them.

### 3. Negligence

Plaintiff attempts to hold Defendants responsible for what he classifies as negligence. In the prior screening order, the Court explained the issues with his negligence claim. As he has not made any changes, the prior analysis, repeated below, remains applicable.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

Plaintiff has not alleged facts to show that any Defendant breached a duty, or that the breach proximately caused any injuries.

Moreover, Plaintiff is required to plead compliance with the Government Claims Act ("Act"), which requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural requirement of the Act, but is an element of a plaintiff's cause of action. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209

<sub>6</sub>

(2007).  Thus, when a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint.  Id.

Plaintiff therefore fails to state a negligence claim under state law.  While he may amend, he is notified that if he does not state a federal claim, the Court will not exercise jurisdiction over a state law claim even if it states a claim for relief.

**D.      CONCLUSION AND ORDER**

Plaintiff fails to state any cognizable claims against any Defendants.

The Court will allow Plaintiff one **final opportunity** to file an amended complaint, if he believes, in good faith, that he can cure the identified deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, or file a notice of voluntary dismissal; and

///

7

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **June 7, 2016**                              /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE